[Cite as *State v. Ribita*, 2012-Ohio-6080.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
|  | : | JUDGES: |
| STATE OF OHIO | : | Sheila G. Farmer, P.J. |
|  | : | John W. Wise, J. |
| Plaintiff-Appellee | : | Julie A. Edwards, J. |
|  | : |  |
| -vs- | : | Case No. 2012 CA 00112 |
|  | : |  |
|  | : |  |
| KEIRSTON RIBITA | : | O P I N I O N |
|  |  |  |
| Defendant-Appellant |  |  |

CHARACTER OF PROCEEDING:          Criminal Appeal from Stark County
                                                          Court of Common Pleas Case No.
                                                          2011-CR-1788

JUDGMENT:                                        Affirmed

DATE OF JUDGMENT ENTRY:           December 17, 2012

APPEARANCES:

For Plaintiff-Appellee                         For Defendant-Appellant

JOHN D. FERRERO                          APRIL R. BIBLE
Prosecuting Attorney                         Stark County Public Defender's Office
Stark County, Ohio                            200 W. Tuscarawas Street, N.W.
                                                          Suite – 200
BY: RENEE M. WATSON                  Canton, Ohio  44702
Assistant Prosecuting Attorney
Appellate Section
110 Central Plaza, South
Suite – 510
Canton, Ohio  44702

*Edwards, J.*

{¶1} Appellant, Keirston Ribita, appeals a judgment of the Stark County Common Pleas Court convicting her of domestic violence (R.C. 2919.25(A)) upon a plea of guilty and sentencing her to 36 months incarceration. Appellee is the State of Ohio.

<u>STATEMENT OF FACTS AND CASE</u>

{¶2} On January 9, 2012, appellant was indicted by the Stark County grand jury on one count of felony domestic violence. According to the bill of particulars, appellant drug her 12-year-old daughter by her hair and hit her, leaving a welt on her arm and a bruise on her leg.

{¶3} The case proceeded to jury trial. Midway through trial, appellant entered a plea of guilty to the charge.

{¶4} After meeting with counsel and appellant's caseworker, the court placed terms and conditions on appellant's bond pending her next court appearance. Appellant was to go to the crisis center, and if they did not keep her for the evening, she was to appear at pretrial release the next morning where she would be taken into custody and transported to the jail, awaiting a bed at the community correction facility.

{¶5} The crisis center did not keep appellant. The next morning, she and her caseworker appeared at the building where the pretrial release office is located. However, appellant did not go inside the building. Instead, she took a handful of pills and ran. The caseworker called for an ambulance and appellant spent two days in the psychiatric ward of Aultman Hospital.

{¶6}  On May 7, 2012, the court found that appellant had violated the terms and conditions of her bond and revoked her bond. He sentenced her to 36 months incarceration. She assigns a single error on appeal:

{¶7}  "THE IMPOSITION OF THE MAXIMUM SENTENCE BY THE TRIAL COURT WAS CLEARLY AND CONVINCINGLY CONTRARY TO LAW AND AN ABUSE OF DISCRETION."

{¶8}  The Supreme Court of Ohio in *State v. Kalish,* 120 Ohio St.3d 23, 2008–Ohio–4912, 896 N.E.2d 124 set forth a two step process for examining felony sentences. The first step is to "examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law." *Kalish* at ¶ 4. If this first step "is satisfied," the second step requires the trial court's decision be "reviewed under an abuse-of-discretion standard." *Id.*

{¶9}  In sentencing appellant, the trial court noted that appellant violated the court's order by not going inside once she appeared with her caseworker at pretrial release, and instead took action that required her to be hospitalized. Appellant argues that she did not willfully violate the terms of her bond because she made herself available to appear at pretrial release as ordered by the court, and everyone was aware that she was potentially unstable and suicidal.

{¶10} However, appellant did not comply with the court's order. Rather than appearing at pretrial release, she came to the building, took a handful of pills and ran off. Nothing in the record supports her claim that she suffered from mental health

issues that prevented her from complying with the court's order.  The court did not abuse its discretion in sentencing her to the maximum sentence.

**{¶11}**  The assignment of error is overruled.

**{¶12}**  The judgment of the Stark County Common Pleas Court is affirmed.


By: Edwards, J.

Farmer, P.J. and

Wise, J. concur


_____


_____


_____

                                    JUDGES


JAE/r1114

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

STATE OF OHIO                        :
                                     :
            Plaintiff-Appellee       :
                                     :
                                     :
-vs-                                 :         JUDGMENT ENTRY
                                     :
KEIRSTON RIBITA                      :
                                     :
            Defendant-Appellant      :         CASE NO. 2012-CA-00112


  For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is affirmed.  Costs assessed to appellant.


             _____

             _____

             _____

                 JUDGES